IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DEREK UTLEY                                                              PLAINTIFF

V.                      CASE NO. 3:17-CV-00057-JTK

NANCY A. BERRYHILL, *Commissioner*
Social Security Administration                                DEFENDANT

## **ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability insurance benefits (DIB) and supplemental security income (SSI). (DE # 2) The Defendant filed an answer to Plaintiff's action on July 7, 2017, asserting that Plaintiff had not shown that reversal was warranted. (DE # 8)

Pending now before the Court is Defendant's Unopposed Motion to Reverse and Remand, pursuant to "sentence four" of section 405(g). (DE # 17) Specifically, the Commissioner states that remand is proper so that it may conduct further proceedings.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The fourth sentence of the statute provides that "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993).

Here, the Court finds remand appropriate for the purpose of allowing the ALJ to further evaluate the evidence. Therefore, the Commissioner's motion is granted, and the case is reversed and remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g). This dismissal is without prejudice to Plaintiff's subsequent filing for attorney's fees under the Equal Access to Justice Act.

IT IS SO ORDERED on this 21st day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE